**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER RE DETENTION AND** |
| ) | **PRELIMINARY HEARING** |
| vs. ) | |
| ) | |
| Laris Anthony Forschen, ) | |
| a/k/a Laris DeCoteau, ) | |
| ) | Case No. C4-01-002 |
| Defendant. ) | |
| ) | |

___

The court held a detention hearing and a preliminary hearing on November 30, 2005, via video conference between Minot and Bismarck, North Dakota. AUSA Cameron Hayden appeared on behalf of the Government. Attorney Thomas Gunderson appeared with and on the Defendant's behalf. Jonathan Gourneau, United States Probation Officer, and the Defendant's mother provided testimony during the hearing. The Defendant was originally charged with Sexual Abuse of Minor, to which he plead guilty and was sentenced to 12 months of supervised release.

The Government argues the Defendant violated his conditions of supervised release by 1) failing to show up to a scheduled urinalysis test at Thunder Mountain Counseling, and 2) failing to appear for a meeting with his probation officer regarding a domestic abuse and reckless endangerment charge in tribal court. (Docket No. 55).

Mr. Gourneau testified he personally set up the meeting with the Defendant and that the Defendant did not appear for the meeting. He also testified that he learned from the Turtle Mountain Tribal Court an arrest warrant for domestic abuse and reckless endangerment was issued for the

1

Defendant. He testified these actions violated special condition number two and the standard conditions of release.

Having reviewed the record and listened to the testimony, the court finds, in addition to the reasons stated at the end of the hearing, that there is probable cause to believe that the defendant may have violated the terms and conditions of his release.

Rule 32.1(6) of the Federal Rule of Criminal Procedure states a magistrate judge may release or detain a person pending further proceedings. "The burden to establishing that the person will not flee or pose a danger to any other person or to the community rests with the person." Id.

The Defendant's mother testified if her son was released he could live with her. The Defendant's mother's daughter and her two grandchildren, ages 12 and 7, also live with her. Mr. Gourneau testified the Defendant has failed to appear either with Turtle Mountain Counseling or with Probation Officers four times. Mr. Gourneau also testified the Defendant absconded from a Half-way House and had his supervised release revoked on a prior occasion. The Defendant is a registered sex offender.

Based on the evidence presented at the hearing, the court finds that the Government has proved by the preponderance of the evidence that the Defendant is a flight risk. The basis for this finding includes failure to appear at the his Probation Officer's request and his history of absconding from a Half-way House.

The Court also finds that the government has proved by clear and convincing evidence that the Defendant is a risk to the community based on the same factors as to why the Defendant is a flight risk. In addition, there are two young children living in the house where he would be residing

if he was released. Considering he plead guilty to sexual abuse of a minor, releasing him to a house with two minor children would place those children at risk.

Consequently, the court concludes that the Defendant is not a candidate for release upon recognize. Further, the court concludes that there is no condition or combination of conditions that the court could impose that would either assure Defendant's appearance or protect the safety of the community. In particular, the court concludes that electronic monitoring and third-party custody do not provide adequate protection in this case against the risk of flight.

Accordingly, the court **GRANTS** the Government's motion to detain pending trial. The court **FURTHER ORDERS**, pending the trial, the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding

Dated this 1st day of December, 2005.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge